1  **DAVID I. BROWNSTEIN (SBN 195393)**
2  **BONNI S. MANTOVANI (SBN 106353)**
   **BROWNSTEIN & BROWNSTEIN, LLP**
3  21700 Oxnard Street, Suite 1160
   Woodland Hills, California 91367
4  Telephone: (818) 905-0000
   Facsimile: (818) 593-3988
5
   Attorneys for Movant Peter Sussman
6

7

8

9              IN THE UNITED STATES BANKRUPTCY COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                      (LOS ANGELES DIVISION)

12
   In re:                           ) CASE NO. 2:09-bk-37877-ER
13                                   )
                                     ) Chapter 7
14 TERESA S. RICE                    )
   (SSN xxx-xx-2394)                 )
15                                   ) **NOTICE OF MOTION AND MOTION**
                                     ) **FOR ORDER AUTHORIZING**
16            Debtor.                ) **EXAMINATION OF DEBTOR AND**
                                     ) **PRODUCTION OF DOCUMENTS**
17                                   ) **PURSUANT TO FEDERAL RULE OF**
                                     ) **BANKRUPTCY PROCEDURE 2004;**
18                                   ) **DECLARATION OF DAVID I.**
                                     ) **BROWNSTEIN IN SUPPORT**
19                                   )
20                                   ) (NO HEARING REQUIRED PURSUANT
                                     ) TO LBR 2004-1)
21                                   )
   _____   )
22

23        TO   THE   HONORABLE   ERNEST   M.   ROBLES,   UNITED   STATES

24 BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES

25 TRUSTEE, THE CHAPTER 7 TRUSTEE, AND OTHER INTERESTED PARTIES:

26

27        Peter Sussman, a creditor in the above-referenced case ("Movant") hereby moves this

28 Court for entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

1

1   (the "Bankruptcy Rules"), the proposed form of which is attached hereto as Exhibit "A",

2   authorizing and directing the examination and production of documents of Teresa S. Rice (the

3   "Debtor").

4        Movant seeks to have the 2004 Exam held on January 8, 2010 starting at 10:00 a.m. at the

5   Law Office of Faryan Afifi, 1925 Century Park E., Suite 2300, Los Angeles, California and

6   continuing from day to day and from time to time, as necessary.

7        This application also seeks the production of documents by the Debtor at the time of the

8   the 2004 Exam, pursuant to the Document Production Request attached as Exhibit "B" to the

9   attached Motion.

10       A proposed Order has been submitted with this Application and any opposition or motion

11   for a protective order must be filed in accordance with the provisions of Local Bankruptcy Rule

12   2004-1(f).

13

14   Dated: December 17, 2009                  BROWNSTEIN & BROWNSTEIN, LLP

15

16                                  By:_____/s/_____

17                                   DAVID I. BROWNSTEIN
                                  Counsel for Movant

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On October 13, 2009 (the "Petition Date"), Teresa Rice aka Terri Rice (the "Debtor") filed a voluntary Chapter 7 petition for relief under the Bankruptcy Code. Prior to the Petition Date, on or about October 1, 2007, the Debtor accepted a loan of $250,000 from Peter Sussman ("Movant") and executed two promissory notes to Movant for the total principal amount of $250,000 plus interest (the "Loan"). The Loan was due and payable in full on or before September 30, 2009. The Debtor defaulted on the Loan, a state court action was commenced by Movant against Debtor, and a judgment was entered against the Debtor on or about October 30, 2008, in the amount of approximately $260,416.70.

Movant has information suggesting that prior to the Petition Date, the Debtor transferred away assets to third parties, and executed deeds of trust on her residence, in exchange for insufficient consideration. Movant seeks to obtain information and documentation regarding the above issues relating to the Debtor's pre-petition assets and liabilities to determine, among other things, whether assets may be available for recovery for the benefit of the Debtor's creditors, and whether the Debtor may have taken actions with respect to those assets and liabilities that would preclude the discharge of all or some of her debts.

## II.

## RELIEF REQUESTED

By this Motion, Movant respectfully requests the entry of an Order, pursuant to Federal Rule of Bankruptcy Procedure ("FRBP"), Rule 2004, directing the Debtor to: (i) submit to an examination by Movant, to be recorded by court reporter (the "Rule 2004 Examination"), beginning on January 8, 2010 at 10:00 a.m. at the Law Office of Faryan Afifi, 1925 Century Park E., Suite 2300, Los Angeles, California, and continuing from day to day and from time to time,

1    until completed; and (ii) to produce copies of the documents requested in Exhibit "B" to the

2    Motion at the time of the Rule 2004 Examination.

3

4                                         **III.**

5                 **BASIS FOR REQUESTED RELIEF**

6         The purpose of an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy

7    Procedure is generally to gain a "clear picture of the condition and whereabouts of the

8    bankruptcy estate." *Keena Corp. v, Johns-Manville Corp. (In re Johns-Manville)*, 42 Bankr. 362,

9    364 (Bankr. S.D.N.Y., 1984). Courts have uniformly recognized that the scope of the 2004

10    examination is "unfettered and broad." *In re Table Talk, Inc.* 51 Bankr. 143, 145 (Bankr. D.

11    Mass. 1985). An examination pursuant to Rule 2004 may "cut a broad swath through the

12    Debtor's affairs." *Johns-Mansville Corp. supra*, 42 Bankr. at 364.

13         The Movant desires to examine documents in the possession, custody or control of the

14    Debtor generally with respect to: (i) information relating to the acts, conduct, property, liabilities,

15    and claims of the Debtor, which may affect the administration of the Debtor's estate, as permitted

16    under Federal Rules of Bankruptcy Procedure Rule 2004; and (ii) information about the Debtor's

17    assets and liabilities generally, and specifically an accounting of monies received and transferred

18    by the Debtor to determine if claims or assets exist outside of what was provided on the Debtor's

19    schedules and the values provided therein.

20         Local Bankruptcy Rule 2004-1 requires that the Motion identify the place of residence

21    and the place of employment of the examinee, if known. The Debtor represents that she is self

22    employed, and no other address is give for such employment aside from her home address. Her

23    place of residence is located at 1314 Hill Street, Santa Monica, California.

24         Local Bankruptcy Rule 2004-1 further requires that the Motion state why the examination

25    cannot proceed under FRBP 7030 or 9014. An examination cannot proceed under these rules

26    since they pertain only in the context of a pending contested matter or adversary proceeding, and

27    there are no pending adversary proceedings or contested matter herein as between the Movant

28    and the Debtor.

1    In accordance with Local Bankruptcy Rule 2004-1(a), counsel for Movant attempted to

2    meet and confer with counsel for the Debtor regarding the 2004 examination. However, Counsel

3    for the Debtor informed counsel for the Movant that the Debtor had not retained Counsel for the

4    Debtor to represent her in a 2004 exam, and would get back to Movant's counsel. After waiting

5    10 days, Movant's counsel again contacted Debtor's Counsel and was informed that the Debtor

6    still had not made a decision to retain Debtor's counsel for purposes of the 2004 examination.

7    After waiting another two days, Counsel for the Movant unilaterally picked the date and filed this

8    Motion.

## IV.

## DOCUMENTS REQUESTED FOR PRODUCTION

Movant requests the order to compelling Debtor produce the documents requested in the Document Production attached hereto as Exhibit "B", at the time and place of the Rule 2004 Examination.

## V.

## CONCLUSION

For the foregoing reasons, Movant submits that it is appropriate to permit the instant examination to proceed pursuant to FRBP 2004. The Movant's request for an order directing Debtor to appear to testify and to produce documents is necessary, proper and appropriate.

Dated: December 18, 2009                    BROWNSTEIN & BROWNSTEIN, LLP


By: _____/s/_____
                                             DAVID I. BROWNSTEIN
                                             Counsel for Movant Peter Sussman

## DECLARATION OF DAVID I. BROWNSTEIN

I, David I. Brownstein, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am a partner of the law firm of Brownstein & Brownstein, LLP ("B&B"), counsel for Movant.  I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Central, Northern, and Southern Districts of California.

3.      On October 13, 2009 (the "Petition Date"), Teresa Rice aka Terri Rice (the "Debtor") filed a voluntary Chapter 7 petition for relief under the Bankruptcy Code.

4.      Prior to the Petition Date, on or about October 1, 2007, the Debtor accepted a loan of $250,000 from Peter Sussman ("Movant") and executed two promissory notes to Movant for the total principal amount of $250,000 plus interest (the "Loan").

5.      The Loan was due and payable in full on or before September 30, 2009.  The Debtor defaulted on the Loan, a state court action was commenced by Movant against Debtor, and a judgment was entered against the Debtor on or about October 30, 2008, in the amount of approximately $260,416.70.

6.      Movant has information suggesting that prior to the Petition Date, the Debtor transferred away assets to third parties, and executed deeds of trust on her residence, in exchange for insufficient consideration.

7.      Movant seeks to obtain information and documentation regarding the above issues relating to the Debtor's pre-petition assets and liabilities to determine, among other things, whether assets may be available for recovery for the benefit of the Debtor's creditors, and whether the Debtor may have taken actions with respect to those assets and liabilities that would preclude the discharge of all or some of her debts.

8.      In accordance with Local Bankruptcy Rule 2004-1(a), I attempted to meet and confer with counsel for the Debtor regarding the 2004 examination.  However, Counsel for the

1  Debtor informed me that the Debtor had not retained Counsel for the Debtor to represent her in a

2  2004 exam, and would get back to me.

3         9.     After waiting 10 days, I again contacted Debtor's Counsel and was informed that

4  the Debtor still had not made a decision to retain Debtor's counsel for purposes of the 2004

5  examination.  After waiting another two days, I unilaterally picked the date and filed this Motion.

6        I declare under penalty of perjury under the laws of the United States that the foregoing is

7  true and correct.

8        Executed this 18th day of December, 2009 at Woodland Hills, California.

9

10

11                    /s/
                DAVID I. BROWNSTEIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Exhibit A

1 | **DAVID I. BROWNSTEIN (SBN 195393)**
2 | **BONNI S. MANTOVANI (SBN 106353)**
   | **BROWNSTEIN & BROWNSTEIN, LLP**
3 | 21700 Oxnard Street, Suite 1160
   | Woodland Hills, California 91367
4 | Telephone: (818) 905-0000
5 | Facsimile:  (818) 593-3988

6 | Attorneys for Movant

7

8 | **IN THE UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **(LOS ANGELES DIVISION)**

11

12 | In re:                                    )  CASE NO. 2:09-bk-37877-ER
    |                                          )
13 |                                          )  Chapter 7
    | TERESA S. RICE                           )
14 | (SSN xxx-xx-2394),                        )
    |                                          )  **ORDER AUTHORIZING**
15 |                  Debtor.                  )  **EXAMINATION OF DEBTOR AND**
    |                                          )  **PRODUCTION OF DOCUMENTS**
16 |                                          )  **PURSUANT TO FEDERAL RULE**
    |                                          )  **OF BANKRUPTCY PROCEDURE**
17 |                                          )  **2004**
18 |                                          )
    |                                          )
19 |                                          )
    |                                          )
20 |                                          )
    |                                          )
21 |                                          )

22

23 |      The Court has considered the Motion of Creditor Peter Sussman ("Movant") for an order

24 | pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing and directing

25 | the examination and production of documents of the Debtor.  Pursuant to Local Bankruptcy Rule

26 | 2004-1, no hearing is required and the Court hereby finds that good cause exists to grant the

27 | motion.

28

9    1                    Exhibit "A"

1    **IT IS HEREBY ORDERED**:

2    1.    The Movant's motion is granted;

3    2.    The Debtor is hereby ordered to: (i) appear for an examination by Movant, to be

4    recorded by court reporter (the "Rule 2004 Examination"), beginning on January 8, 2010 at 10:00

5    a.m. at the Law Office of Faryan Afifi, 1925 Century Park E., Suite 2300, Los Angeles,

6    California, and continuing from day to day and from time to time, until completed; and (ii) to

7    produce copies of the documents requested in Exhibit "B" to the Motion at the time of the Rule

8    2004 Examination.

9                                                        ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "B"

## DOCUMENT PRODUCTION

## DEFINITIONS

1.      "You," and "Your" means Teresa Rice aka Terri Rice aka Teresa Williamson, her agents, managers, or anyone acting or purporting to act on her behalf.

2.      "Documents" mean writings of every kind, source, and authorship, both originals and oral non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation, any government agency, department, administrative entity, or personnel.  The term shall include all tangible things and documents, whether handwritten, typed, printed, or otherwise visually or audibly reproduced, including, but not limited to, all sound recordings, letters, cables, wires, memoranda, inter-office memoranda or correspondence or communications, including e-mail, reports, notes, minutes, contracts, drafts of contracts, correspondence, telex messages, telegrams, memoranda, diaries, calendars, appointment books, date books, newspaper articles, inter-company brochures, pamphlets, or booklets, magazine articles, recordings, drawings, sketches, charts, videotapes, agreements and other official documents or legal instruments.

### REQUESTS

**REQUEST NO. 1:**

Copies of your Federal Income tax returns for the years 2006, 2007, 2008, and 2009.

**REQUEST NO. 2:**

Copies of all Bank Accounts Statements in your name or under your custody and control, including but not limited to checking accounts, savings accounts, money market accounts, certificates of deposit, credit union accounts, brokerage accounts, as well as any other accounts at any financial institution held in your name alone, or jointly with any person or entity, in trust for you, or held by another for your benefit, from October 1, 2007 to December 2009.

12

Exhibit "B"

**REQUEST NO. 3:**

All Documents from October 2007 to December 2009 which constitute earning statements or pay stubs issued to you.

**REQUEST NO. 4:**

All Documents from October 2007 to December 2009 which refer to, relate to, or concern any income from sources other than those appearing on federal or state tax returns.

**REQUEST NO. 5:**

All Documents from October 2007 to December 2009, which refer to, relate to, or concern any cash received from sources other than those appearing on federal or state tax returns.

**REQUEST NO. 6:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any money transferred or exchange of consideration between you and Randy H. Cox.

**REQUEST NO. 7:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any money transferred or exchange of consideration between you and RH Cox Construction.

**REQUEST NO. 8:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any money transferred or exchange of consideration between you and Virginia S. Shelley.

**REQUEST NO. 9:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any money transferred or exchange of consideration between you and Randy H. Cox.

**REQUEST NO. 10:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all payments made on your behalf by Randy H. Cox.

///

///

13

**REQUEST NO. 11:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all payments made on your behalf by RH Construction.

**REQUEST NO. 12:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all payments made on your behalf by Virginia S. Shelley.

**REQUEST NO. 13:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all payments made on your behalf by any person or entity not already asked about.

**REQUEST NO. 14:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and monies earned by you, but not yet paid, including but not limited to salary, wages, commissions, or bonuses.

**REQUEST NO. 15:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all gifts of monies or assets made directly or indirectly you or for your benefit.

**REQUEST NO. 16:**

All Documents from January 2007 to December 2009, which refer to, relate to, or concern any and all investment accounts maintained by you or on your behalf, whether individually or jointly with any other person or entity.

**REQUEST NO. 17:**

All Documents from January 2007 to December 2009, which constitute monthly statements, quarterly statements, or annual statements, from any brokerage account owned by you in your name either individually or with another person or entity, or on which you have signatory authority.

///

///

**REQUEST NO. 18:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern any statements and/or other DOCUMENTS concerning any and all individual retirement accounts (IRA's), annuities, and/or other pension-related funds with any open or closed account maintained by YOU, whether alone or jointly with any other person or entity, at any domestic or foreign financial institution.

**REQUEST NO. 19:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern any financial statements and statements of assets and liabilities, including, without limitation, balance sheets, loan applications, credit applications, statements of cash flow and profit and loss statements prepared by YOU or on YOUR behalf, whether individually or jointly with another person or entity.

**REQUEST NO. 20:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern any electronic financial records maintained on any computer program, including, but not limited to, Quickbooks, Timberline, Quicken, or any like program for any bank, brokerage, loan, or any other account maintained by YOU or on YOUR behalf, whether individually or jointly with any other person or entity.

**REQUEST NO. 21:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern any and all loan applications and/or personal worth statements for any and all loans applied for by YOU, whether alone or jointly with any other person or entity.

**REQUEST NO. 22:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern Your living expenses paid by other persons on your behalf or for your benefit.

**REQUEST NO. 23:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern

1  any loans made to YOU by VIRGINIA S. SHELLEY.

2  **REQUEST NO. 24:**

3  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

4  any and all wills, deeds, conveyances, transfer documents, contracts, agreements, and

5  correspondence, which evidence any gift inheritance, bequest, or devise received by YOU.

6  **REQUEST NO. 25:**

7  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

8  gifts of any kind made by YOU to any person, firm, trust, partnership, joint venture,

9  corporation, or any other entity with a value exceeding Five Hundred Dollars ($500.00).

10  **REQUEST NO. 26:**

11  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

12  real property owned or standing in YOUR name, whether alone or jointly with another

13  person or entity.

14  **REQUEST NO. 27:**

15  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

16  financial statements for any and all partnerships, corporations, joint ventures, business

17  associations, and/or any other entity in which YOU have or had any direct or indirect

18  ownership interest, including but not limited to Water Music, Inc.

19  **REQUEST NO. 28:**

20  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

21  financial transactions between YOU and any entity in which YOU have or had any direct

22  or indirect ownership interest, including but not limited to Water Music, Inc.

23  **REQUEST NO. 29:**

24  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

25  any income tax returns, filed by any entity in which YOU have or have had any direct or

26  indirect ownership interest, including but not limited to Water Music, Inc.

27  **REQUEST NO. 30:**

28  All Documents from January 2007 to December 2009 which refer to, relate to, or concern

16

1   any and all securities held at Charles Schwab.

2   **REQUEST NO. 31:**

3   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

4   all accounts held at Raymond James from September 28, 2007 to the present.

5   **REQUEST NO. 32:**

6   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

7   any and all Promissory Notes and Deeds of Trust securing notes which YOU own or

8   owned.

9   **REQUEST NO. 33:**

10   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

11   Any and all Promissory Notes and Deeds of Trust securing notes on which YOU are or

12   were obligated.

13   **REQUEST NO. 34:**

14   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

15   and all vehicle registration cards for any and all vehicles registered in YOUR name.

16   **REQUEST NO. 35:**

17   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

18   any filings of fictitious names by YOU.

19   **REQUEST NO. 36:**

20   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

21   any agreements between YOU and Pamela Anderson.

22   **REQUEST NO. 37:**

23   All Documents from January 2007 to December 2009 which refer to, relate to, or concern

24   the company or business name, "Glow."

25   ///

26   ///

27   ///

28

**REQUEST NO. 38:**

All Documents from January 2007 to December 2009 which refer to, relate to, or concern the company, or business name "Sing."

Dated: December 18, 2009               BROWNSTEIN & BROWNSTEIN, LLP


By: ___/s/_____
    DAVID I. BROWNSTEIN,
    Attorneys for Movant Peter Sussman

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21700 Oxnard Street, Suite 1160, Woodland Hills, CA 91367

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; DECLARATION OF DAVID I. BROWNSTEIN will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL:** On 12/18/09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| **Teresa S Rice**<br>1314 Hill St<br>Santa Monica, CA 90405 | **Sylvia Ho**<br>Law Offices of David A Tilem<br>206 N Jackson St Ste 201<br>Glendale, CA 91206 | **Elissa Miller**<br>SulmeyerKupetz<br>333 S Hope St<br>35th fl<br>Los Angeles, CA 90071 |
| **United States Trustee (LA)**<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017 | | |

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/18/09 | Karen Slyapich | /s/ Karen Slyapich |
|---|---|---|
| Date | Type Name | Signature |

19